UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 2:21-CR-00077-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **KEVONDRIC FEZIA (01)** | **RETIRED MAG JDG JRS KAY** |

## MEMORANDUM ORDER

Before the court is a Letter [doc. 132] from defendant Kevondric Fezia, who was convicted following a jury trial of sex trafficking, a violation of 18 U.S.C. § 1591(a)(1), and attempting to entice a minor to engage in prostitution, a violation of 18 U.S.C. § 2422(b). He was then sentenced on June 23, 2022, to concurrent terms of 327 months in prison, with credit for time served since June 2, 2021. Docs. 100, 103. His conviction and sentence were affirmed on appeal. Doc. 123. According to the Inmate Locator maintained by the Federal Bureau of Prisons, he is currently incarcerated at the United States Penitentiary in Victorville, California, with an anticipated release date of September 23, 2044. *See* Inmate Locator, *available at* https://www.bop.gov/inmateloc/ (accessed Jan. 29, 2026).

Mr. Fezia now writes to the court to complain about conditions at USP Victorville, raising allegations of mail tampering, lack of access to programs due to security concerns, and abuse from correctional officers. Doc. 132. The sentencing court has no authority to require a defendant's participation in any program, because Congress and the Attorney General have delegated authority to the BOP to administer the federal prison system. *E.g.*,

*Palomino v. Fed. Bureau of Prisons*, 408 F.Supp.2d 282, 288 (S.D. Tex. 2005); *see* 18 U.S.C. §§ 4001, 3621 (vesting control and management of federal prisons with the Attorney General and custody of those convicted to the BOP). Mr. Fezia's other allegations appear to raise claims of unconstitutional conditions of confinement. The proper venue for these claims is governed by 28 U.S.C. § 1391(b), which provides that civil cases not founded solely on diversity of citizenship must be brought in a judicial district where: (1) the defendant resides, if all defendants are residents of the state in which the district is located; (2) a substantial part of the events or omissions giving rise to the claim occurred; or (3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the court's personal jurisdiction. Accordingly, there is no recourse that can be offered by this court for Mr. Fezia's allegations.

  **THUS DONE AND SIGNED** in Chambers on the 2nd day of February, 2026.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**