**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

**UNITED STATES OF AMERICA**              **CASE NO.  2:21-CR-00077-01**

**VERSUS**                                **JUDGE JAMES D. CAIN, JR.**

**KEVONDRIC FEZIA (01)**                  **RETIRED MAG JDG JRS KAY**

**MEMORANDUM ORDER**

Before the court is a "Motion for Authorization to File 28 U.S.C. § 2255" [doc. 135] by defendant Kevondric Fezia, who seeks leave from the court to file an untimely motion for post-conviction relief on the grounds that he did not receive his legal mail while incarcerated at USP Beaumont. Accordingly, Mr. Fezia maintains, he did not learn of the United States Supreme Court's December 11, 2023, denial of the writ of certiorari from his direct appeal until April 22, 2026, when he received a response from his former counsel outlining the subsequent developments in his case. *Id.*

Motions for post-conviction relief under 28 U.S.C. § 2255 are subject to a one-year limitation period, running from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Mr. Fezia's motion may be timely under 28 U.S.C. § 2255(f)(2) if he can establish that government action (such as the withholding of his legal mail) prevented him from filing his motion, and that such action violated the United States Constitution or a federal law. *See Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003) (interpreting a similar provision applicable to habeas corpus petitions filed under 28 U.S.C. § 2254). The court need not decide the merits before Mr. Fezia has filed his motion, however. Only a second or successive § 2255 motion challenging the same judgment requires pre-filing authorization. *E.g.*, *In re Lampton*, 667 F.3d 585, 587–88 (5th Cir. 2012) (citing 28 U.S.C. § 2255(h)). Accordingly, **IT IS ORDERED** that the Motion [doc. 135] be **DENIED**, without prejudice to Mr. Fezia's right to file his motion for post-conviction relief and assert the timeliness thereof under 28 U.S.C. § 2255(f)(2).

**THUS DONE AND SIGNED** in Chambers on the 2nd day of July, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**