UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

UNITED STATES OF AMERICA                    CASE NO.  2:21-CR-00077-01

VERSUS                                      JUDGE JAMES D. CAIN, JR.

KEVONDRIC FEZIA (01)                        RETIRED MAG JDG JRS KAY

### MEMORANDUM ORDER

Before the court is a Motion for Transcript [doc. 137] filed by defendant Kevondric Fezia, who seeks a free copy of his trial transcript to aid in his preparation of a motion for post-conviction relief under 28 U.S.C. § 2255.

"An indigent defendant has no constitutional right to acquire a free copy of his transcript or other court records for use in a collateral proceeding." *United States v. Peralta-Ramirez*, 266 F. App'x 360, 361 (5th Cir. 2008). Pursuant to 28 U.S.C. § 753(f), "fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States ... if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." *See also United States v. Davis*, 369 F. App'x 546, 546-47 (5th Cir. 2010) ("Section 753(f) provides for a free transcript for indigent prisoners asserting a claim under § 2255 if a judge certifies that the asserted claim is not frivolous and that the transcript is needed to decide the issue.") (internal quotation marks omitted). Defendant has not filed his § 2255 motion and so the court cannot determine if it is frivolous. The Fifth Circuit has also made clear that there is

no entitlement to a free transcript so that an indigent defendant may conduct a "fishing expedition" in search of support for a potential § 2255 motion. *United States v. Caravajal*, 989 F.2d 170 (5th Cir. 1993); *see also United States v. Herrera*, 474 F.2d 1049, 1049–50 (5th Cir. 1974) ("This Court has consistently held that a federal prisoner is not entitled to obtain copies of court records at the government's expense to search for possible defects merely because he is indigent."). Accordingly, the Motion [doc. 137] is hereby **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 15th day of July, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**